IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DEVONERE JOHNSON,

                Plaintiff,                OPINION AND ORDER

v.

                                                    22-cv-81-wmc

WILLY STREET CO-OP NORTH,
and LEAH BUSSE,

                Defendants.

In this proposed action, *pro se* plaintiff Devonere Johnson alleges that defendant Leah Busse violated his federally-protected rights by subjecting him to discriminatory surveillance practices while he shopped for groceries at Willy Street Co-op North in Madison, Wisconsin. Because Johnson is proceeding *in forma pauperis*, his complaint must be screened to determine whether it is (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Although his complaint must be dismissed, the court will give him a brief window of time to file a proposed amended complaint curing the deficiencies discussed below.

ALLEGATIONS OF FACT[1]

Johnson, who is African American, alleges that he became a member of the Willy Street Co-op in the summer of 2021 and shops for groceries at the Northside location. While shopping, Johnson generally alleges that he is followed around the store and

---

[1] In addressing any *pro se* litigant's complaint, the court must construe his allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this screening order, the court assumes the following facts based on the allegations in the complaint.

frequently asked if he needs help finding anything, and at times has been denied "double dollars rewards." (Compl. (dkt. #1) at 2.) On January 3, 2022, Johnson specifically alleges a confrontation with Leah Busse and other white Co-op staff. Although the complaint does not detail what lead up to the confrontation, Johnson alleges that Busse detained him in the store, prejudged him to be "threatening" based on his race, and threatened to ban him from the store. When Johnson complained to the general manager about the incident, the manager allegedly agreed that Johnson should not be followed while shopping. Johnson seeks monetary damages.

OPINION

The court understands plaintiff to be attempting to assert a discrimination claim against Busse and her employer, the Willy Street Co-op. Although plaintiff does not identify a legal basis for this claim, the court construes this action as one pursuant to 42 U.S.C. § 1981, which prohibits private actors from discriminating on the basis of race against those seeking to make and enforce contracts, including at retail establishments, and 42 U.S.C. § 1982, which bars racial discrimination in transactions involving real or personal property.[2]

The complaint does not establish a plausible claim under either statute and must be dismissed. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atlantic Corp. v.*

---

[2] Given that plaintiff is only seeking monetary damages, the court does not consider in the alternative whether he has also stated a claim under Title II of the Civil Rights Act, 42 U.S.C. § 2000a, which addresses discriminatory denial of access to facilities ostensibly open to the general public but does not provide for damages. *See Petrovic v. Enter. Leasing Co. of Chi., LLC*, 513 F. App'x. 609, 611 (7th Cir. 2013) (citing *Newman v. Piggie Park Enter., Inc.*, 390 U.S. 400, 402 (1968) (damages are not recoverable under Title II of the CRA)).

2

*Twombly*, 550 U.S. 544 (2007)) (a complaint must contain enough allegations of fact to support a claim under federal law).  Courts generally construe § 1982 and § 1981 in tandem "[b]ecause of their common origin and purpose."  *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996).  Relevant here, § 1981 protects a person's right to "make and enforce contracts," among other delineated rights, the same as "white citizens."  42 U.S.C. § 1981.  To state a claim under § 1981, plaintiff must allege facts in support of the following propositions: (1) he is a member of a racial minority; (2) defendants intended to discriminate on the basis of race; and (3) the discrimination deprived plaintiff of one or more rights enumerated in § 1981, such as the making and enforcing of a contract.  *Black Agents & Brokers Agency, Inc. v. Near N. Ins. Brokerage, Inc.*, 409 F.3d 833, 837 (7th Cir. 2005) (citing *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996)).  Importantly, "[a] claim for interference with the right to make and enforce a contract must allege the actual loss of a contract interest, not merely the possible loss of future contract opportunities."  *Morris*, 89 F.3d at 414-15.  Moreover, under § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, [he] would not have suffered the loss of a legally protected right."  *Comcast Corp. v. Nat'l Ass'n of African American-Owned Media*, 140 S. Ct. 1009, 1019 (2020).  Similarly, under § 1982, plaintiff must allege facts suggesting that defendants' discriminatory conduct "impaired his ability to exercise property rights."  *Morris*, 89 F.3d at 415 (explaining that the plaintiffs' § 1982 claim failed because they could not "demonstrate that they were denied the right to purchase personal property" at Office Max).

Plaintiff alleges that he is African American, and the court will assume for purposes

of screening that defendants intended to discriminate against him based on his race. However, two Seventh Circuit cases are instructive here with respect to whether plaintiff has successfully alleged the deprivation of his right to contract (§ 1981) or to buy personal property (§ 1982). In *Morris*, two African American men filed suit under §§ 1981 and 1982 claiming that they were denied the right to buy "whatever the white man can buy" when an Office Max employee summoned police officers to the store because the men "looked suspicious." *Id.* at 412. The officers questioned the men, checked their identification, and left the store. *Id.* The Seventh Circuit held that the plaintiffs could not demonstrate that they were denied any rights under § 1981 because "[t]hey were denied neither admittance nor service, nor were they asked to leave the store," so there was no actual loss of a contract interest. *Id.* at 414. Nor could the plaintiffs establish a claim under § 1982 where defendants' conduct had not "impaired their ability to exercise property rights." *Id.* at 415. In other words, no one had prevented or interfered with their right to buy something at the store, even if the incident was "unfortunate." *Id.*

Similarly, in *Bagley v. Ameritech Corp.* 220 F.3d 518 (7th Cir. 2000), an African American man brought a race discrimination lawsuit under §§ 1981 and 1982 based on allegations that he left an Ameritech store without being able to purchase a phone after an employee had refused to wait on him and insulted him. *Id.* at 519. A majority of the panel affirmed the district court's grant of summary judgment in favor of Ameritech because the plaintiff had chosen not to contract with the store. *Id.* at 521. Although the plaintiff alleged that he had entered the store to buy a phone and could not do so because the employee would not wait on him, the majority emphasized that the employee refused to

4

*personally* wait on the plaintiff without also, for example, instructing other employees to follow suit or stating, "We will not serve you." *Id.* By then leaving the store of his own accord, plaintiff had "cut off . . . the opportunity to buy the phone" even though another employee would have sold him one. *Id.* Plaintiff was justified in taking offense, but the majority held that since the store "was not responsible for terminating the transaction," the plaintiff's §§ 1981 and 1982 claims had been properly dismissed. *Id.* at 522.

At most, plaintiff alleges interference with his prospective, rather than actual, contract rights. Similar to the plaintiffs in *Morris,* plaintiff alleges that white staff subjected him to discriminatory surveillance practices while shopping at the Northside Co-op and Busse prejudged him as threatening based on his race. These are concerning allegations. However, plaintiff does not also allege that Busse or anyone else ever actually denied him admittance or service. Nor, as in *Morris* and *Bagley*, does plaintiff allege that anyone ejected him from the store, or otherwise prevented him from purchasing whatever items he had intended to buy. Indeed, plaintiff apparently was able to speak to a store manager after the confrontation who allegedly sympathized with plaintiff. Absent such allegations, plaintiff cannot proceed on a claim under either federal statute.

That said, it may be that plaintiff has inadvertently omitted additional facts that could support a federal claim. Specifically, if plaintiff can allege in good faith that he was denied the opportunity to make a purchase at the Coop, he should do so. Accordingly, the court will allow him a brief window of time to file a proposed amended complaint, which plaintiff should draft it as though he were telling a story to someone who knows nothing about his situation. Plaintiff should set forth his specific allegations in separate, numbered

5

paragraphs using short and plain statements. After he finishes drafting his amended complaint, he should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, plaintiff should try again. Plaintiff must submit a proposed amended complaint by the deadline set forth below. If he does so, the court will screen it under § 1915(e)(2).

## ORDER

IT IS ORDERED that:

1) Plaintiff Devonere Johnson is DENIED leave to proceed, and his complaint is DISMISSED without prejudice for failure to state a claim upon which relief can be granted.

2) Plaintiff has until **April 11, 2022,** to file a proposed amended complaint that cures the deficiencies noted above. Plaintiff's failure to file a proposed amended complaint by that deadline will result in the court dismissing this action with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

Entered this 21st day of March, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge